# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK J. CARR,
        Petitioner,

v.                                      CIVIL ACTION NO. 3:04CV50
                                              (Judge Broadwater)

THOMAS McBRIDE, Warden,
        Respondent.

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On June 16, 2004, the petitioner filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 along with a document titled "Motion Requesting the U.S. District Court, Northern District of West Virginia, Take Jurisdiction in this Case and Hear a State or Federal Level Appeal, Release Me From Prison and Allow my International Transfer to the United Kingdom or Ireland or Any Other Mutually Agreeable Country, Under the Terms of a New International Treaty Between the U.S. and Approximately 62 Other Countries (I am a British Citizen, I Make no Claim to U.S. Citizenship; My Parents Were British Citizen Aliens Living in the U.S.)". By Order entered on June 24, 2004 the Court ordered the respondent to answer the petition. On July 26, 2004, the respondent filed a Motion to Dismiss Petition as Untimely Filed, for Failure to Exhaust and Memorandum in Support Thereof.

Because the petitioner is appearing *pro se*, the Court issued a Roseboro[1] notice, informing him of his right to respond to the motion to dismiss and notifying him that his failure to do so might result in entry of an order of dismissal against him. On September 1, 2004, the petitioner filed

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

Petitioner's Motion to Deny Respondent's Motion to Dismiss Civil Action 3:04cv50.

This matter is pending before me for initial review and report and recommendation pursuant to L R Pl P 83.13.

## II. PROCEDURAL HISTORY

On September 2, 1998, a jury for the Circuit Court of Hardy County found the petitioner guilty of three counts of malicious assault and one count of first degree sexual assault. On November 16, 1998, the petitioner was sentenced to consecutive 2-10 year sentences on each conviction for malicious assault and 15-35 years on the conviction for first degree sexual assault. The petitioner is currently incarcerated at the Mount Olive Correctional Center, Mount Olive, West Virginia.

The petitioner filed an appeal from his conviction to the West Virginia Supreme Court of Appeals. On July 7, 1999, the Supreme Court refused his petition. Then, on June 28, 2000, the petitioner filed a state habeas petition. His state habeas petition was dismissed without prejudice on June 6, 2003, because the petitioner refused to undergo a competency evaluation. In its order, the circuit court appointed Eric S. Black, Esq. to represent the petitioner and directed Mr. Black to file an appeal regarding the June 6, 2003 Order. The petitioner did not file a petition for appeal from the denial of his state habeas petition.

After careful review of the record, the undersigned recommends that the Court grant the respondent's motion to dismiss and deny the petitioner's § 2254 petition as being untimely.

## III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus

petition. 28 U.S.C. § 2244(d).[2]

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The petitioner does not assert that the Government impeded the filing of his § 2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, subsections B, C, and D do not apply to this case. Instead, pursuant to § 2244(D)(1)(A), the statute of limitations began to run from the date on which the petitioner's judgment became final.

---

[2] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert. denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this case.

3

The petitioner's petition for direct appeal was refused on July 7, 1999. He did not file a petition for writ of certiorari. If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so--90 days--has elapsed. Braxton, 277 F. 3d at 705. Thus, the statute of limitations began running on October 5, 1999, 90 days from July 7, 1999. Consequently, the petitioner had until October 5, 2000, to file a § 2254 petition.

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The petitioner filed a state habeas petition on June 28, 2000. Thus, the statute of limitations, which began running on October 6, 1999, ran for 265 days until the petitioner filed his state habeas petition on June 28, 2000. The statute of limitations was tolled until June 6, 2003, when the state habeas petition was dismissed. Because the petitioner did not file a petition for appeal from the denial of his state habeas petition, the statute of limitations restarted on June 7, 2003, and continued until it expired 100 days later on September 14, 2003. The petitioner filed his § 2254 petition on June 16, 2004, almost 9 months after the statute of limitations had expired. Thus, the undersigned finds that the petitioner's § 2254 petition is untimely.

The petitioner was given an opportunity to explain to the Court why his petition should not

be dismissed. He first argued that counsel for the respondent removed some grounds from his habeas petition. He then argued that he could not know the procedure for filing a petition because he did not have counsel as his appointed counsel refused to counsel him or communicate with him. He further asserts his state habeas counsel failed to file a habeas appeal as the circuit court judge directed him to do which in turn has caused his current § 2254 to be time barred.

Thus, the undersigned has examined whether the petitioner has set forth sufficient grounds for equitable tolling.

**B. The Petitioner is not Entitled to Equitable Tolling.**

The time limit to file a § 2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). The doctrine of equitable tolling has been applied in two generally distinct situations. First, it has been applied in situations where the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. Id. at 330. Second, it has been applied in situations where extraordinary circumstances beyond the plaintiff's control have made it impossible to file the claims on time. Id.

While the petitioner states that he did not know the procedure for filing a § 2254 petition and his attorney did not help him such does not justify equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se status and ignorance of the law does not justify equitable tolling); Marsh v. Soares, 223 F. 3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000) (ignorance of law and pro se status held insufficient to toll limitations period);

5

Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999) (unfamiliarity with the legal process, illiteracy, and lack of representation do not merit equitable tolling).

Further, even the actions of the lawyer appointed to represent him in his state habeas petition do not justify equitable tolling because there is no constitutional right to counsel in state post conviction proceedings. Coleman v. Thompson, 501 U.S.722, 752 (1991).

Moreover, the petitioner has provided the Court with a copy of the September 15, 2003 letter he received from Eric Black wherein Mr. Black advised the petitioner that he had filed a Motion to Withdraw as Counsel[3] and that his time period for filing an appeal is 120 days from the entry of the Court's June 6, 2003 order.

The circuit court granted Mr. Black's motion to withdraw by order entered on December 15, 2003, and appointed Paul Lane, Esquire, to represent the petitioner. The petitioner asserts Mr. Lane abandoned him. However, the petitioner also states that Mr. Lane never communicated with him and the petitioner received a copy of the December 21, 2003 letter from Mr. Lane to Judge Steptoe wherein Mr. Lane stated that he should be given the opportunity to file a motion to withdraw if the petitioner filed an ethics complaint against him as he had done against his other lawyers. Mr. Lane further stated that he would argue that matter further once the Court scheduled a hearing. The circuit court did not schedule a hearing and apparently, Mr. Lane did not file an appeal. However, such does not constitute a reason for equitable tolling as the petitioner was given no indication by Mr. Lane that he intended to file an appeal on the petitioner's behalf. Thus, the facts before the Court reveal no grounds for equitable tolling and the petition is untimely.

---

[3]The Motion to Withdraw was filed after the petitioner filed a complaint with the Lawyer Disciplinary Board alleging Mr. Black was participating in criminal activity and conspiracy with the circuit court.

## IV. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order **GRANTING** the respondent's motion to dismiss (Doc. # 9) and **DENYING** the petitioner's § 2254 petition (Doc. # 1) as being untimely and dismissing with prejudice the action from the court's docket. It is further recommended that the petitioner's Motion Requesting the U.S. District Court, Northern District of West Virginia, Take Jurisdiction in this Case (Doc. # 4) and Petitioner's Motion to Deny Respondent's Motion to Dismiss Civil Action 3:04cv50 (Doc. #12) be **DENIED**.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the Attorney General for the State of West Virginia.

Dated: July 1, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE